No. 04-476

IN THE SUPREME COURT OF THE STATE OF MONTANA

2005 MT 104N

IN THE MATTER OF B.D.,

A Youth In Need Of Care.

APPEAL FROM:     District Court of the Thirteenth Judicial District,
                 In and For the County of Yellowstone, Cause No. DN 02-043,
                 Honorable Susan P. Watters, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Nancy G. Schwartz, Attorney at Law, Billings, Montana

        For Respondent:

            Honorable Mike McGrath, Attorney General; Jennifer Anders,
            Assistant Attorney General, Helena, Montana

            Dennis Paxinos, County Attorney; Gayle A. Stewart, Deputy
            County Attorney, Billings, Montana

            Connie Camino, Attorney at Law, Billings, Montana (For Mother)

            Damon Gannett, Attorney at Law, Billings, Montana (Guardian Ad Litem)

                                        Submitted on Briefs:  February 8, 2005

                                                Decided:  April 26, 2005

Filed:

        _____
                            Clerk

Justice Jim Rice delivered the Opinion of the Court.

¶1	Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court case number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issued by this Court.

¶2	J.S., father of B.D., appeals from the order entered by the District Court on May 5, 2004, terminating his parental rights to B.D. The parental rights of B.D.'s mother were also terminated by the District Court, but she has not appealed therefrom.

¶3	On June 21, 2002, the Department of Public Health and Human Services (the Department) petitioned the District Court for emergency protective services for B.D. because, at the time, J.S. was incarcerated at the Montana State Prison serving a thirty-year sentence, with ten years suspended, after pleading guilty to mitigated deliberate homicide on April 11, 2002. After hearing, the District Court concluded that B.D. was a youth in need of care. In October 2002, the Department petitioned the District Court, pursuant to § 41-3-423(2), MCA, to determine that preservation or reunification services need not be provided for J.S. due to his long-term incarceration. On May 5, 2004, the District Court issued an order terminating J.S.'s parental rights, finding that reunification services, in the form of a treatment plan, were unnecessary and that the Department presented clear and convincing evidence that continuation of the parent-child relationship between B.D. and her natural father would likely result in continued abuse and neglect.

2

¶4     J.S. argues that the District Court was without jurisdiction to terminate his parental rights and, further, abused its discretion because the Department failed to make active efforts to reunify him with B.D. J.S. requests this Court to enter an order remanding his case to the District Court for an order requiring the Department to make reasonable efforts at reunifying him with his daughter, B.D. The State responds arguing that J.S. never argued that the District Court was without jurisdiction to terminate absent reunification efforts, and therefore, is improperly raising the issue for the first time on appeal.

¶5     The dispositive issue on appeal of a district court's termination of parental rights is whether the district court abused its discretion. *In re D.B.*, 2004 MT 371, ¶ 29, 325 Mont. 13, ¶ 29, 103 P.3d 1026, ¶ 29. We review the district court's findings of fact to determine if they are clearly erroneous. *In re D.B.*, ¶ 30. Facts will be clearly erroneous if not supported by substantial evidence, or when the district court misapprehends the effect of the evidence. *In re D.B.*, ¶ 30. Additionally, we review a district court's conclusions of law to determine whether they are correct. *In re D.B.*, ¶ 30.

¶6     It is appropriate to decide this case pursuant to our order of February 11, 2003, amending Section 1.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, and the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted. Although J.S. frames his arguments as "jurisdictional," he is actually arguing that the Department failed to comply with the statute regarding reunification efforts. He

failed to raise this issue in the District Court. This Court will not address issues raised for the first time on appeal because it is unfair to fault the district court for failing to rule correctly on an issue it was never given the opportunity to consider. *In re A.C.*, 2004 MT 320, ¶ 16, 324 Mont. 58, ¶ 16, 101 P.3d 761, ¶ 16.

¶7 We affirm the judgment of the District Court.


/S/ JIM RICE


We Concur:

/S/ KARLA M. GRAY
/S/ W. WILLIAM LEAPHART
/S/ JAMES C. NELSON
/S/ BRIAN MORRIS